UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISHAN MALIK,<br><br>        Plaintiff,<br><br>   v.<br><br>BUSINESS INSIDER, INC., ALEX MORELL,<br>and JOHN DOES 1-5,<br><br>        Defendants. | Case No. 22-cv-3187-VM |

**ANSWER OF DEFENDANTS
BUSINESS INSIDER, INC. AND ALEX MORRELL**

Defendants Business Insider, Inc. ("Insider") and Alex Morrell (incorrectly sued as Alex "Morell") ("Morrell") by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff Ishan Malik ("Malik")'s Complaint (usinsg the same headings and paragraph numbering employed by Malik).

**ANSWER OF DEFENDANTS BUSINESS INSIDER, INC. AND ALEX MORRELL**

**RESPONSE TO THE PARITES**

1. Defendants admit that this purports to be an action for defamation and injurious falsehood arising from an online article ("Article") written by Morrell, concerning Malik, and published by Insider but deny the remaining allegations in Paragraph 1, including that Malik is entitled to any relief in this action.

2. Defendants deny each and every allegation made in Paragraph 2.

3. Defendants deny each and every allegation made in Paragraph 3.

4. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4.

5. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants deny that any "anonymous" sources were used for the Article and otherwise lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8.

## RESPONSE TO JURISDICTION AND VENUE

9. Paragraph 9 contains legal conclusions that require no response. To the extent a response is required, Defendants do not—at this time and for purposes of this case only—contest that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

10. Paragraph 10 contains legal conclusions that require no response. To the extent a response is required, Defendants do not—at this time and for purposes of this case only—admit that this Court has personal jurisdiction over Business Insider and over Morrell and that venue is proper in the Southern District of New York.

## RESPONSE TO THE FACTUAL ALLEGATIONS

11. Defendants admit the allegations in Paragraph 11.

12. Defendants refer this Court to the Article for its true content and meaning, and to the extent not referred, Defendants deny the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants deny each and every allegation in Paragraph 14.

15. Defendants deny each and every allegation in Paragraph 15.

16. Defendants refer this Court to the Article for its true content and meaning, and to

the extent not referred, Defendants deny each and every allegation in Paragraph 16.

17. Defendants admit the allegation in Paragraph 17.

18. Defendants refer this Court to the Article for its true content and meaning, and to the extent not referred, Defendants deny each and every allegation in Paragraph 18.

19. Defendants refer this Court to the Article for its true content and meaning, and to the extent not referred, Defendants deny each and every allegation in Paragraph 19.

20. Defendants admit Plaintiff purports to have attached an Exhibit B to the Complaint but deny that there is any Exhibit attached to the Complaint, and, except as so admitted and denied, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and, on that basis, deny each and every allegation in Paragraph 20.

21. Defendants deny each and every allegation in Paragraph 21.

22. Defendants refer this Court to the Article for its true content and meaning, and to the extent not referred, Defendants deny each and every allegation in Paragraph 22.

23. Defendants refer this Court to the Article for its true content and meaning. Defendants further lack information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff did not violate the code of conduct, and on that basis, deny each and every allegation in Paragraph 23.

24. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and, on that basis, deny each and every allegation in Paragraph 24.

25. Defendants refer this Court to the Article for its true content and meaning, and to the extent not referred, Defendants deny each and every allegation in Paragraph 25.

26. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and, on that basis, deny each and every allegation in Paragraph 26,

including any implication that Insider was (or could have been) aware of the U5 form at the time of publication.

27. The Defendants deny each and every allegation in Paragraph 27.

28. Defendants refer this Court to the Article for its true content and meaning. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations as to when Malik was notified about being discharged, and to the extent not referred, Defendants deny each and every allegation in Paragraph 28.

29. Defendants deny each and every allegation in Paragraph 29.

30. Defendants refer this Court to the Article for its true content and meaning, and to the extent not referred, Defendants deny each and every allegation in Paragraph 30.

31. Defendants deny each and every allegation in Paragraph 31.

32. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and, on that basis, deny each and every allegation in Paragraph 32.

33. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and, on that basis, deny each and every allegation in Paragraph 33.

34. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and, on that basis, deny each and every allegation in Paragraph 34.

35. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and, on that basis, deny each and every allegation in Paragraph 35.

36. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and, on that basis, deny each and every allegation in Paragraph 36.

37. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and, on that basis, deny each and every allegation in Paragraph 37.

38. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and, on that basis, deny each and every allegation in Paragraph 38.

39. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 and, on that basis, deny each and every allegation in Paragraph 39.

40. Defendants deny each and every allegation in Paragraph 40.

41. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and, on that basis, deny each and every allegation in Paragraph 41.

42. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 and, on that basis, deny each and every allegation in Paragraph 42.

43. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 and, on that basis, deny each and every allegation in Paragraph 43.

44. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and, on that basis, deny each and every allegation in Paragraph 44.

45. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 and, on that basis, deny each and every allegation in Paragraph 45.

46. Defendants deny each and every allegation in Paragraph 46.

47. Defendants deny each and every allegation in Paragraph 47.

48. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 and, on that basis, deny each and every allegation in Paragraph 48.

49. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 and, on that basis, deny each and every allegation in Paragraph 49.

50. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 and, on that basis, deny each and every allegation in Paragraph 50.

51. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and, on that basis, deny each and every allegation in Paragraph 51.

52. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 and, on that basis, deny each and every allegation in Paragraph 52.

53. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 and, on that basis, deny each and every allegation in Paragraph 53.

54. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 and, on that basis, deny each and every allegation in Paragraph 54.

55. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 and, on that basis, deny each and every allegation in Paragraph 55.

56. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 and, on that basis, deny each and every allegation in Paragraph 56.

57. Defendants deny each and every allegation in Paragraph 57.

58. Plaintiff's status as a public figure is a legal conclusion to which no response is required. Defendants deny the remaining allegations in Paragraph 58.

59. Defendants deny each and every allegation in Paragraph 59.

60. Defendants admit that Morrell and Insider wrote and published the Article, but, except as so admitted, deny the remaining allegations in Paragraph 60.

61. Defendants deny each and every allegation in Paragraph 61.

62. Defendants deny any implication that they did not investigate the contents of the Article, and on that basis, deny each and every allegation in Paragraph 62.

63. Defendants deny any implication that they did not investigate the contents of the Article and deny that the Article relied on "anonymous" sources, and on that basis, deny each and every allegation in Paragraph 63.

64. Defendants deny each and every allegation in Paragraph 64.

65. Defendants deny each and every allegation in Paragraph 65.

66. Defendants deny each and every allegation in Paragraph 66.

67. Defendants deny each and every allegation in Paragraph 67.

68. Defendants deny each and every allegation in Paragraph 68.

69. Defendants deny each and every allegation in Paragraph 69.

## RESPONSE TO COUNT 1
(Libel *Per Se*)

70. Defendants repeat and re-allege their answers to Paragraphs 1 through 69 as if fully set forth herein.

71. Defendants deny each and every allegation in Paragraph 71.

72. Defendants deny each and every allegation in Paragraph 72.

## RESPONSE TO COUNT 2
(Libel *Per Quod;* Special Damages)

73. Defendants repeat and re-allege their answers to Paragraphs 1 through 69 as if fully set forth herein.

74. Defendants deny each and every allegation in Paragraph 74.

75. Defendants deny each and every allegation in Paragraph 75.

## RESPONSE TO PRAYER FOR RELIEF

With respect to the WHEREFORE clauses in the Complaint, Defendants deny that Malik is entitled to any relief.

## **GENERAL DENIAL**

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Defendants deny all allegations, declarations, claims, or assertions in the Complaint that are not specifically admitted in this Answer. To the extent the headings contained in the Complaint constitute allegations, such allegations are denied.

## **AFFIRMATIVE DEFENSES**

Further responding to the Complaint, Defendants assert the following defenses. Defendants do not admit to having the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as defenses, Defendants do not in any way waive or limit any defenses that are or may be raised by their denials, allegations, and averments set forth herein. The defenses are pleaded in the alternative, are raised to preserve Defendants' right to assert such defenses and are raised without prejudice to Defendants' ability to raise other and further defenses. Defendants reserve the right to amend, supplement, and/or otherwise modify this Answer, including without limitation the right to assert additional defenses that become known to them through discovery or otherwise.

## **FIRST DEFENSE**

The Complaint, and each of its claims for relief, is barred because it fails to state a claim upon which relief can be granted against Defendants.

## **SECOND DEFENSE**

Malik's claims are barred because the challenged statements are privileged and protected by the First and Fourteenth Amendment to the United States Constitution and Article I, § 8 of the New York Constitution.

**THIRD DEFENSE**

Malik's claims are barred under New York Civil Rights Law Section 76-a(2) because this is an action involving public petition and participation, and Malik cannot establish, by clear and convincing evidence, that Defendants acted with actual malice as to the publication of the challenged statements.

**FOURTH DEFENSE**

Malik's claims are barred because the challenged statements are true or substantially true and thus cannot be the basis for a defamation action.

**FIFTH DEFENSE**

Malik's claims are barred because he is a public figure and cannot assert facts sufficient to show, by clear and convincing evidence, that Defendants acted with actual malice as to the publication of the challenged statements.

**SIXTH DEFENSE**

Malik's claims are barred because he cannot assert facts sufficient to show that Defendants acted with gross irresponsibility as to the publication of the challenged statements.

**SEVENTH DEFENSE**

Malik's claims are barred because he cannot assert facts sufficient to show that Defendants acted negligently as to the publication of the challenged statements.

**EIGHTH DEFENSE**

Malik's claims are barred because the challenged statements cannot be reasonably read to impart the defamatory meaning alleged.

**NINTH DEFENSE**

Malik's claims are barred because certain of the challenged statements are non-actionable statements of opinion.

**TENTH DEFENSE**

To the extent Malik brings a claim for defamation by implication, that claim is barred because Malik did not plead such a claim and Defendants did intend or endorse the purported implication of which Malik complains.

**ELEVENTH DEFENSE**

Malik's claims are barred because he has not suffered any actual harm or damages proximately caused by any of the challenged statements and any claimed damages are vague, uncertain, imaginary, and speculative.

**TWELTH DEFENSE**

Malik's claim for libel *per quod* is barred because he has not alleged or suffered any special damages.

**THIRTEENTH DEFENSE**

Malik's claim for libel *per quod* is barred because it is duplicative of his claim for libel *per se*.

**FOURTEENTH DEFENSE**

Malik's claim for punitive damages fails because it would violate Defendants' right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the New York Constitution because, among other things, the alleged conduct at issue here is not sufficiently reprehensible to warrant any punitive damages recovery.

**FIFTEENTH DEFENSE**

Malik's claim for punitive damages fails because the challenged statements were not made with common law malice, and Defendants did not commit any outrageous conduct that was malicious, wanton, reckless, or in willful disregard of Malik's rights.

**SIXTEENTH DEFENSE**

Malik is not entitled to attorneys' fees because the challenged statements were not motivated solely by disinterested malevolence or with intent to inflict economic injury.

Dated: June 17, 2022

                Respectfully Submitted,

                /s/ *Elizabeth A. McNamara*
                Elizabeth A. McNamara
                Rachel F. Strom
                Hilary Oran

                DAVIS WRIGHT TREMAINE LLP
                1251 Avenue of the Americas, 21st Floor
                New York, New York 10020
                Telephone: (212) 489-8230
                lizmcnamara@dwt.com
                rachelstrom@dwt.com
                hilaryoran@dwt.com

                *Attorneys for Defendants Business Insider, Inc.*
                *and Alex Morrell*